UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVE MCDADE,
    Plaintiff,

-vs.-                                    **DEMAND FOR JURY TRIAL**

NATIONWIDE COLLECTION AGENCIES
d/b/a MONEY RECOVERY NATIONWIDE
a Michigan corporation,
    Defendant.
_____/
GARY D. NITZKIN P41155
TRAVIS SHACKELFORD P68710
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com
_____/

## JURISDICTION

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq. ("MCPA") and the Michigan Occupational Code at M.C.L. § 339.901 et seq. ("MOC").

2. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d), 28 U.S.C. §§1331,1337.

1

## PARTIES

3. The Defendant to this lawsuit is Nationwide Collection Agencies, Inc., d/b/a Money Recovery Nationwide ("Money Recovery"), which is a Michigan corporation that maintains a registered agent in Ingham County, Michigan.

## VENUE

4. The transactions and occurrences which give rise to this action occurred in Oakland County, Michigan.

5. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff in the amount of approximately $687.00 (the "Debt").

7. On or about June 27, 2016, Mr. McDade obtained his Experian credit file and noticed that Defendant was reporting the alleged Debt with a balance of $687.00.

8. Mr. McDade did not know why Defendant was reporting the alleged Debt as he thought it was the same debt that he previously settled and paid.

9. On or about June 29, 2016, Michigan Consumer Credit Lawyers submitted a letter to Defendant. In this letter, Defendant was informed that Attorney Gary Nitzkin and Michigan Consumer Credit Lawyers represented Mr. McDade. Defendant was requested to explain why it obtained Mr. McDade's Experian credit file. Further, Defendant was requested to cease and desist from contacting Mr. McDade, to provide Michigan

Consumer Credit Lawyers with verification of the alleged Debt, and to provide Michigan Consumer Credit Lawyers with the name and address of the original creditor.

10. On or July 22, 2016, despite Mr. McDade's request for Defendant to cease direct communication with him, Defendant sent a letter directly to Mr. McDade. In this letter, Defendant indicated that it located his account and stated, "If we have reported any accounts to a credit reporting agency, we will notify the credit reporting agencies to mark the accounts as disputed." Defendant further stated that it requested the information from its client to validate the debt and that it would send a copy of the bill once it was received. Defendant stated that his account had been placed on hold until validation was mailed to Mr. McDade.

11. The above letter is the only letter that Mr. McDade received from Defendant. There is no creditor listed on this letter, no alleged amount due, and no thirty-day validation notice rights, as required by the FDCPA.

## COUNT I- VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

12. Plaintiff incorporates the preceding allegations.

13. At all relevant times Defendant Money Recovery, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

14. Mr. McDade is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt. Defendant Money Recovery is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

15. Defendant Money Recovery's actions in attempting to collect the debt violated the following provisions of the FDCPA:

3

a. 15 U.S.C. §1692c(a)(2) by communicating with a consumer in connection with a collection of any debt when the debt collector knows the consumer is represented by an attorney.  Defendant did this when it sent a letter directly to Mr. McDade after his counsel sent Defendant a letter asking it to cease communication with Plaintiff.

b. 15 U.S.C. §1692g(a)(1) by failing to send Plaintiff a written notice within five days of the initial communication containing the amount of the debt;

c. 15 U.S.C. §1692g(a)(2) by failing to send Plaintiff a written notice containing the name of the creditor to whom the debt is owed within five days of the initial communication;

d. 15 U.S.C. §1692g(a)(3) by failing to send Plaintiff a written notice within five days of the initial communication containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

e. 15 U.S.C. §1692g(a)(4) by failing to send Plaintiff a written notice within five days of the initial communication containing a statement if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

f. 15 U.S.C. §1692g(a)(5) by failing to send Plaintiff a written notice  within five days of the initial communication containing a statement that, upon the

consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

g. 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in collection with the collection of any debt. Defendant did this when it contradicted itself by telling Mr. McDade that it would place the account on hold and then stating that it was attempting to collect the alleged Debt.

16. Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant him damages plus costs, interest and attorneys' fees as provided by the Fair Debt Collection Practices Act.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

17. Plaintiff incorporates the preceding allegations by reference.
18. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).
19. Mr. McDade is a debtor as that term is defined in M.C.L. § 339.901(f).
20. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:

    a. MCL §339.915(f)(2) by misrepresenting in a communication with a debtor the legal rights of the creditor or debtor. Defendant did this when it sent a letter directly to Plaintiff that did not contain a statement that if the consumer notifies

the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

b. MCL §339.915(h) by communicating with a debtor, except through billing procedure when the debtor is actively represented by an attorney. Defendant did this when it sent a letter to directly to Plaintiff after Plaintiff's counsel sent the Defendant a letter asking it to cease communication with Plaintiff.

c. MCL §339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

21. Mr. McDade has suffered damages as a result of these violations of the Michigan Occupational Code.

22. These violations of the Michigan Occupational Code were willful.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant him damages plus costs, interest and attorneys' fees as provided by the Michigan Occupational Code.

### COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

23. Plaintiff incorporates the preceding allegations by reference.

24. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

25. Mr. McDade is a "Consumer" as that term is defined at MCL § 445.251.

26. Defendant's foregoing acts in attempting to collect this debt violated the following provisions of the MCPA:

    a. MCL §445.252(f)(2) by misrepresenting in a communication with a debtor the legal rights of the creditor or debtor. Defendant did this when it sent a letter directly to Plaintiff that did not contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

    b. MCL §445.252(h) by communicating with a debtor, except through billing procedure when the debtor is actively represented by an attorney. Defendant did this when it sent a letter to directly to Plaintiff after Plaintiff's counsel sent the Defendant a letter asking it to cease communication with Plaintiff.

    c. MCL §445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

27. Mr. McDade has suffered damages as a result of these violations of the MCPA.

28. These violations of the MCPA were willful.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant him damages, plus costs, interest and attorneys' fees as provided by the Michigan Collection Practices Act.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

# DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Mr. McDade requests that the Court grant him the following relief against the defendant:

a. Actual damages.

b. Statutory damages.

c. Treble damages.

d. Statutory costs and attorneys' fees.

Respectfully submitted,

August 24, 2016

/s/ Gary Nitzkin
GARY D. NITZKIN P41155
TRAVIS SHACKELFORD P68710
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com